IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MICHELLE TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD FREEMAN, *et al.*,<br><br>    Defendants. | Civil Action No.<br><br>2:18-CV-187-RWS |

## ORDER

This case comes before the Court on Plaintiff Michelle Turner's Motion for Sanctions [Dkt. 56] for Spoliation of Video Evidence. The Court has reviewed the record, and for the reasons below, the Motion is **DENIED**.

## BACKGROUND

In this civil rights case, Plaintiff Michelle Turner claims that her constitutional right to bodily privacy was violated by guards at the jail who forced her to wear a gown that failed to cover her body, thus exposing her private areas, while being held in a suicide prevention cell. This Motion concerns the overwriting of the surveillance video of her time in the cell and whether the failure to prevent that overwriting constitutes spoliation of evidence.

The basic facts underlying the Motion are undisputed: Ms. Turner's time in her cell was recorded by the jail's surveillance system. According to the jail's retention policy, surveillance video is preserved for forty days unless there were unusual circumstances warranting retention—such as an altercation, injury, or allegations of wrongdoing—or if there was a request for preservation or knowledge or notice of a potential lawsuit. The guards—the Defendants here—had no control of the video recording system or the decision to preserve it—that was left to the jail administrators. Ultimately, because the jail administrators did not determine that any of the "unusual" circumstances applied here and because they assert no request for preservation was made, the video was overwritten forty days later.

Two additional facts merit mention: first, unlike the video of the time in the suicide prevention cell, video of the time when Ms. Turner was in the preliminary holding cell *was* preserved—according to the Defendants, that is because Ms. Turner fell down during that time and was tended to by medical professionals. Second, Ms. Turner actually requested a copy of her video within the forty-day period, but her request was denied. More on these below.

## DISCUSSION

Ms. Turner contends that the failure to preserve constitutes spoliation under Rule 37(e). She requests that the Court sanction the Defendants by striking their

2

answer, or alternatively, by ordering a lesser sanction as appropriate. The Defendants argue that they are not the proper defendants, that there was no duty to preserve, and that in any event, Ms. Turner has suffered no prejudice.

The Court begins with the text of Rule 37(e),[1] which states in full:

(e) *Failure to Preserve Electronically Stored Information*. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

    (1)    upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

    (2)    only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

        (A)    presume that the lost information was unfavorable to the party;

        (B)    instruct the jury that it may or must presume the information was unfavorable to the party; or

        (C)    dismiss the action or enter a default judgment.

Here, it is undisputed that the information was "electronically stored," is "lost," and "cannot be restored or replaced through additional discovery."

---

[1] It remains an open question in this circuit whether the 2015 amendment of Rule 37(e) to its current form takes the place of the multi-factor test for spoliation outlined by the Eleventh Circuit in Flury v. Daimler Chrysler Corp., 427 F.3d 939, 943–46 (11th Cir. 2005). See ML Healthcare Servs., LLC v. Publix Super Markets, Inc., 881 F.3d 1293, 1308 (11th Cir. 2018). The Court assumes without deciding that the text of Rule 37(e) provides the basis for the spoliation analysis and proceeds accordingly.

Thus, what remains are three inquiries: (1) first, whether the information "should have been preserved in the anticipation or conduct of litigation"; (2) second, whether it was lost "because a party failed to take reasonable steps to preserve it"; and (3) third, whether a sanction is warranted—either because Ms. Turner suffered "prejudice" or because the Defendants "acted with the intent to deprive" her of the use of the information. For Ms. Turner to prevail on her Motion, the Court must answer all three questions in the affirmative. The Defendants need only negate one.

As the text of the Rule makes clear through its use of the word "may," the decision whether to sanction the Defendants is ultimately one of the Court's discretion. See ML Healthcare Servs., LLC v. Publix Super Markets, Inc., 881 F.3d 1293, 1308 (11th Cir. 2018) (reviewing for abuse of discretion).

**1. Whether the Video Should Have Been Preserved**

Ms. Turner contends that the video of her time in the cell should have been preserved because litigation was foreseeable under the circumstances of her detention. She compares her situation to that in Storey v. Effingham Cty., 2017 WL 2623775, at *3 (S.D. Ga. June 16, 2017), where the Court held that the defendants "were on notice that litigation was a distinct possibility, if not very likely," simply based on the circumstances of the detention itself. Id.

But <u>Storey</u>, as the Defendants point out, involved very different facts:

> [The Plaintiff] was tased, tied up, and roughed up several times, *taken to and from the hospital*, and was in renal failure and had cracked ribs, vertebrae, and visible cuts and bruises when finally released. *He hooted and hollered that he would sue*, and despite needing restraints when first brought to the jail, he had to be wheeled out in a wheelchair because he could no longer walk.

<u>Id.</u> (emphasis added).

Here, by contrast, Ms. Turner only alleges that she requested a different gown during her detention. It is not clear to the Court that she has alleged the sort of altercation that would have put the officials on notice that litigation was likely to follow. Particularly at this early stage, before the evidence is in, the Court is unwilling to order such sanctions solely on the basis of the alleged circumstances.

Ms. Turner's other argument is also unavailing. She points to the fact that the other video—of her time in the preliminary holding cell—was preserved and contends that because one was preserved, the other should have been also. As she says, "there can be no explanation" for preserving the one and not the other. [Dkt. 56 at 13]. But the Defendants offer just such an explanation. According to the Jail Administrator, the earlier video was retained for a specific reason:

> Such video shows that, while Plaintiff was alone in that cell, she fell over, appeared to strike her head, fell to the floor, and required the assistance and attention of jailers and medical personnel. Because this was an out-of-the-ordinary circumstance that involved a possible injury to Plaintiff and potential for inquiries and/or allegations regarding the

> immediacy and sufficiency of the response and treatment by jail staff, an administrative decision was made close in time to the incident to retain and secure the video.

[Dkt. 61, Ex. A, at ¶ 8]. According to the Defendants, the video of her time in the suicide-prevention cell did not present any similar circumstances that would warrant the decision to preserve it.

The Court finds that the Defendants' explanation suffices. As a general matter, Ms. Turner cannot simply point to a single act of preservation as a basis to argue that further preservation should have occurred. She must show why preservation was warranted with respect to the specific evidence she seeks. And that she has failed to do.

Though Ms. Turner does not argue on this basis, the Court notes that she did submit a request to obtain a copy of her video within the forty-day period. [See Dkt. 61, Ex. B at ¶ 7]. The administrator denied the request, noting that Ms. Turner's attorney would need to go through discovery procedures in her criminal case to obtain a copy. Id. The administrator also noted that neither Ms. Turner nor her attorney submitted a *preservation* request. Id. at ¶ 9.

The Court is somewhat troubled by this technical distinction between types of request. A request to obtain a copy of the evidence might well constitute sufficient notice for the Jail to preserve it, at least until the request can be carried

6

out. Nevertheless, because Ms. Turner has not argued on this basis, and because she has failed to carry her burden in other ways, the Court need not decide that question now.

### 2. Whether a Party Failed to Take Reasonable Steps to Prevent the Loss

The parties here agree on one thing: that the individual Defendants in this case—i.e. the guards at the jail—had no authority over the video recording system, the retention policy, or the decision to preserve the video. Because the Rule requires that "a Party" have failed to prevent the loss, in many cases, including those cited by Ms. Turner, the lack of authority alone sufficed to preclude a sanction against the defendants. See, e.g., Storey, 2017 WL 2623775, at *3 ("Storey is not entitled to sanctions against the individual Effingham defendants, who could have done nothing to prevent or spur the destruction of these videos regardless of their own awareness of their importance.").

But Ms. Turner points to a handful of recent cases in which courts across the country have *imputed* responsibility to defendants who did not have that authority.

In one instance, the court imputed the duty to preserve to the defendant officer because he was indemnified and represented by the non-party City, the entity responsible for the evidence. Woods v. Scissons, 2019 WL 3816727, at *4

(D. Ariz. Aug. 14, 2019) ("[T]he City is therefore in the same functional position as other parties subject to sanctions for spoliation.").

In another, the Court held that the defendants had a responsibility to alert those administrators responsible to ensure the video would be preserved. Taylor v. Null, 2019 WL 4673426, at *5 (E.D. Mo. Sept. 25, 2019) ("Under the circumstances in this case, the Court finds there is reason to impute the spoliation to Defendants, as they were in a position to have the video footage preserved, had reason to foresee its importance to potential litigation, and yet failed to request its preservation.").

Both theories have some merit. Notably, the text of Rule 37(e), which says only that the information need be lost "because a party failed to take reasonable steps to preserve it," does not explicitly require that the party be the one charged with maintaining the evidence in the first instance. Thus, even though it involves a broader interpretation of the Rule, imputation may well be warranted in certain cases, for all the reasons outlined in Woods and Taylor.

Nevertheless, in a case like this, in which another element of the Rule is already being stretched perhaps beyond its limit, the Court is unwilling to order imputed sanctions on a party who undisputedly lacks responsibility for the evidence that was lost.

### 3. Whether a Sanction is Warranted

Ultimately, though Ms. Turner raises valid concerns, the Court finds in its discretion that the sanctions she seeks are not warranted here. Thus, the Court need not delve into the questions of prejudice or intent.

## CONCLUSION

For the foregoing reasons, Ms. Turner's Motion for Sanctions [Dkt. 56] is **DENIED**. The Court's previous Stay Order [Dkt. 48] extended discovery until sixty days after the settlement conference, which took place on June 30, 2020. Those sixty days having passed, discovery is now closed. Because this ruling was pending, the parties shall have **30 DAYS** from the entry of this Order to file motions for summary judgment or the proposed consolidated pretrial order as otherwise required by the Local Rules of the Court.

**SO ORDERED** this 14th day of September, 2020.

_____
**RICHARD W. STORY**
United States District Judge